STOCKTON BROTHERS, Appellants, v. ELLA REED, Respondent.

### Kansas City Court of Appeals, March 23, 1896.

1. **Bills and Notes:** CONSIDERATION. A note given by a widow for a store account made by the husband in his lifetime is without consideration.

2. **Consideration:** LEGAL: MORAL. A moral obligation to pay money and perform a duty is a good consideration to do so where there was originally an obligation to pay the money or to do the duty which was enforcible at law but for the interference of some rule of law.

*Appeal from the Gentry Circuit Court.*—HON. CYRUS A. ANTHONY, Judge.

AFFIRMED.

*Ed E. Aleshire* for appellant.

(1) Similar contracts or notes have been construed, and the courts have always placed a strict construction on them. *Lewis v. Tipton*, 75 A. D. 498; *Ramot v. Schotenfels*, 83 A. D. 425; *Atwood v. Lewis*, 6 Mo. 392; *Ubsdell & Pierson v. Cunningham*, 22 Mo. 124; *Salinas v. Wright*, 11 Texas, 572. (2) We are

unable to find anything in defendant's testimony to indicate what property he left, and her testimony fails to show that he did not have sufficient property to pay all of his debts. The instrument itself imparts a consideration; besides we cite a number of authorities upon that question. R. S. 1889, sec. 2389; *Crow v. Harmond*, 25 Mo. 417; *Lindell v. Rokes*, 60 Mo. 249; *Williams v. Jensen*, 75 Mo. 681; *Hempler v. Schneider*, 17 Mo. 258. This consideration was adequate because it was an agreement in writing to answer for the debt of another.

*Frank J. McCarty* and *Sam H. Benson* for respondent.

(1) The debt was contracted by the husband in his lifetime, and settlement made by appellants with him by taking his notes and charging all merchandise to him individually, and any note she gave for his debts was clearly without consideration. Upon the question of consideration we cite the court to the following authorities. *Kennerly v. Martin*, 8 Mo. 698; *Greenabaum v. Elliott, Adm'r*, 60 Mo. 29; *Brooks v. Owen*, 112 Mo. 263; *Music v. Dodson*, 76 Mo. 627; *Easley v. Gordon*, 51 Mo. App. 641; *Peck v. Harris*, 57 Mo. App. 470; Lawson Cont., sec. 100; *Wright v. Vetter*, 54 Mo. App. 384; 2 Kent's Commentaries [12 Ed.], p. 465. All of the above authorities state the principle of law to be that where there was no original liability binding in law, no promise, in writing or otherwise, made by the party, is a valid and binding consideration upon the party making the same. It is not claimed by appellants in their brief that defendant was liable for her husband's debt prior to signing the note sued on in this case. (2) It may be said that respondent, in making this note, that there was a moral obli-

gation to pay, and that the moral obligation was sufficient to support a consideration. But this court in the case of *Easley v. Gordon*, 51 Mo. App., page 641, says that to "constitute a moral obligation the consideration of an express contract, so that it may be enforced at law, there must have been some preexisting legal obligation citing *Greenabaum v. Elliott*, 60 Mo. 25, and *Musick v. Dodson*, 76 Mo. 624." *Kennerly v. Martin*, 8 Mo. 698; *Musick v. Dodson*, 76 Mo. 624.

ELLISON, J.—This action is founded on the following promissory note:

"SEPTEMBER 20, 1892.

"When able to pay after date, I promise to pay to the order of Stockton Brothers eighty-one and fifteen hundredths dollars, for value received, negotiable and payable without defalcation or discount and without interest.        "MRS. ELLA McILLYAR."

The judgment below was for defendant. It appears that the defendant is the widow of George McIllyar and that she has intermarried with Reed. Her former husband was indebted to plaintiffs in a general store account, amounting to $181.15. A part of the account had been put into notes by McIllyar and a part remained an open account at his death. Shortly after his death the defendant paid to plaintiffs $100 on this indebtedness, took up the notes of the deceased, and executed for the balance the note in suit.

We are of the opinion the note was without consideration. Defendant did not owe the account and was in no way liable for it. Nor can it be said she was under a moral obligation to pay it. It has been frequently held in this state that in order for a moral obligation to constitute a consideration for a promise, there should have been some antecedent legal obliga-

tion. *Greenabaum v. Elliott*, 60 Mo. 29; *Musick v. Dodson*, 76 Mo. 627. The rule could perhaps be better stated in this language: "A moral obligation to pay money or perform a duty is a good consideration to do so, where there was originally an obligation to pay the money or to do the duty, which was enforcible at law but for the interference of some rule of law." *Musick v. Dodson, supra; Brooks v. Owen*, 112 Mo. 263. But in this case, we can not discover from the record even a moral obligation. The defendant, as before stated, did not owe the debt and the record does not justify us in stating that the court was bound to believe a state of facts which would have created a moral obligation. We consider the case of *Kennerly v. Martin*, 8 Mo. 698, cited by defendant's counsel, as in point and practically decisive of this case. It was there held that a promise by the widow to pay a bill for medical attendance upon the family of the deceased during his lifetime is not founded on a consideration, was without consideration, notwithstanding a part of the bill was for attendance upon the wife and her slaves.

We may concede to plaintiff, as argued by counsel, that the note on its face is such an one as imports a consideration, but that can not overturn the facts as disclosed by the records showing that, in reality, there was no consideration. An examination of the authorities cited by plaintiff, to be found in the brief, has led us to the conclusion that they are not applicable, under the view we take of the case. The judgment must, therefore, be affirmed. All concur.